Apolinar NAVARETTE, Jr., a/k/a Paul Medel Navarette, Plaintiff-Appellant,

v.

Jiro J. ENOMOTO, T. W. Stone, P. J. Morris, B. Neal, R. Kramar, W. L. Johnson, and Does One through Four, Defendants-Appellees.

No. 74–2212.

United States Court of Appeals, Ninth Circuit.

June 22, 1978.

officials. Claim 1 charged the interference was deliberate; Claim 2, that it was done in "bad faith"; and Claim 3, that it was done through the officials' negligence. The gravamen of Claims 4 through 6 was the termination of a law student visitation program in which plaintiff had participated and his removal as prison librarian; and Claims 7 through 9 sought to hold certain of the defendants vicariously liable for the conduct alleged in Claims 1 through 6.

The district court granted defendants summary judgment as to Claims 1 through 3 (the mail claims) and dismissed the remaining six claims (Claims 4 through 9).

On appeal, we reversed the district court's disposition of the first six claims, affirmed dismissal of the remaining three, and remanded for further proceedings. *Navarette v. Enomoto*, 536 F.2d 277 (9th Cir. 1976).

Defendants sought certiorari, which was granted, but limited solely "to Question 1 presented by the petition." *Enomoto v. Navarette*, 429 U.S. 1060, 97 S.Ct. 783, 50 L.Ed.2d 776 (1977) (order). The Court in its subsequent opinion (*sub nom. Procunier v. Navarette*, 434 U.S. 555, at n. 6, 98 S.Ct. 855, at n. 6, 55 L.Ed.2d 24 (1978)) wrote:

> "The questions presented in the petition for certiorari were:
>
> "'1. Whether negligent failure to mail certain of a prisoner's outgoing letters states a cause of action under [42 U.S.C.] section 1983?'"
>
> \*    \*    \*    \*    \*    \*
>
> "Our order granting the petition was limited to Question No. 1. . . ."

In reversing our judgment as to the third claim for relief alleged in the complaint,[1] the majority nevertheless observed that "To the extent that a malicious intent to harm is a ground for denying immunity, that consideration is clearly not implicated by

Michael E. Adams of La Casa Legal De San Jose Project, San Jose, Cal., for plaintiff-appellant.

Sanford Svetcov, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before KOELSCH and HUFSTEDLER, Circuit Judges, and HILL,* District Judge.

## ORDER ON REMAND

In his complaint plaintiff alleged nine claims. One through three, in substance, all charged unlawful interference with plaintiff's outgoing mail by defendant prison

---

\* The Honorable Irving Hill, United States District Judge for the Central District of California, sitting by designation.

1. The final paragraph of the Court's opinion concludes:

"We accordingly conclude that the District Court was correct in entering summary judgment for petitioners on the third claim of relief and that the Court of Appeals erred in holding otherwise . . . ."

**204**

the negligence claim now before us." *Id.*, at 566, 98 S.Ct. at 862; footnote omitted.

In view of the Court's explicit observation that the alternative theory of recovery pleaded in Claims 1 and 2 of the complaint was not "implicated" by the Court's disposition of the negligence theory of recovery advanced in Claim 3, we conclude that our decision as to those claims and Claims 4 through 6 was not affected, and consequently the proper course on remand is to vacate our prior judgment insofar as it reversed the district court's award of summary judgment to defendants as to plaintiff's third claim for relief, to affirm the district court's disposition of the third claim, and to remand the case to the district court for further proceedings consistent with our original opinion as now modified.

IT IS SO ORDERED.